UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

FREDERICK TRUJILLO,                )    No.  CV 04-2001-JTL
                                   )
                Plaintiff,         )
                                   )    ORDER AWARDING ATTORNEY FEES
        v.                         )    PURSUANT TO 42 U.S.C. § 406(b)
                                   )
JO ANNE B. BARNHART,               )
Commissioner of Social             )
Security,                          )
                                   )
                Defendant.         )
_____   )

**BACKGROUND**

On March 23, 2004, Frederick Trujillo ("plaintiff") filed a Complaint seeking review of the Commissioner's denial of his application for disability insurance benefits.  On April 28, 2004, the parties filed a Consent to Proceed Before United States Magistrate Judge Jennifer T. Lum.  Thereafter, on September 16, 2004, Jo Anne Barnhart ("defendant") filed an Answer to Complaint.

On June 27, 2003, the ALJ issued his decision denying benefits. In his decision, the ALJ concluded that plaintiff suffered from the following severe impairments: psoriasis, asthma, and high cholesterol, but ultimately found that plaintiff was not disabled pursuant to the

1  Social Security Act.

2      Plaintiff appealed to this Court, contending that:

3      1.    The ALJ erred by failing to consider the opinion of

4            plaintiff's treating physician in assessing plaintiff's

5            residual functional capacity.

6      2.    The ALJ erred in failing to properly consider evidence

7            of psoriatic arthritis prior to the date last insured in

8            determining plaintiff's residual functional capacity.

9      On May 31, 2005, the Court vacated the decision of the

10 Commissioner of Social Security Administration and remanded the matter

11 to the Commissioner of Social Security to allow the ALJ to (1) assess

12 the medical opinion of plaintiff's treating physician and to credit

13 that opinion, unless he could state clear and convincing reasons for

14 rejecting it; and (2) address the evidence of psoriatic arthritis and

15 determine whether this impairment had any impact on plaintiff's

16 ability to work.  On remand, the Commissioner found plaintiff disabled

17 and awarded him approximately $84,000.00 in retroactive benefits

18 pursuant to Title II and Title XVI of the Social Security Act.  On

19 August 5, 2005, plaintiff and defendant entered into a stipulation

20 that counsel for plaintiff be awarded attorney fees in the amount of

21 $3,700.00 under the Equal Access to Justice Act (EAJA).

22      Counsel for plaintiff now requests that the court issue an order

23 awarding him attorney's fees in the amount of $14,000.00 pursuant to

24 his contingency fee contract.[1]  The requested fee is based on 21 hours

25 of attorney time and 4.5 hours of paralegal time before the district

26

27      [1]  Counsel will reimburse plaintiff the amount of $3,700.00,
   which is the amount of fees that the Commissioner has already
28 paid to counsel under EAJA.

2

1  court.  (Motion at 3).

2       In her response to plaintiff's Motion for Attorney Fees, the

3  Commissioner notes that a fee award of $14,000.00 would result in

4  plaintiff's counsel receiving compensation of $549.01 per hour for

5  representing plaintiff in federal court.  The Commissioner notes that

6  in situations where the total amount of benefits is high compared the

7  amount of time expended, the Court should consider a reduction in the

8  hourly rate sought by plaintiff.  The Commissioner cites Hayes v.

9  Sec'y of Health and Hum. Svcs., 923 F.2d 418, 422 (6th Cir. 1990), for

10 the proposition that courts can avoid windfalls in contingency cases

11 by limiting counsel to no more than twice the standard rate for such

12 work.

13      Based upon a review and consideration of the pleadings filed by

14 the parties in connection with plaintiff's Motion for Attorney Fees

15 Pursuant to 42 U.S.C. § 406(b), the Court finds that $14,000.00 for 21

16 hours of work by counsel and 4.5 hours of paralegal work is

17 reasonable.

18

19                              **DISCUSSION**

20      Title 42, United States Code, Section 406(b), provides, in

21 relevant part:

22           Whenever a court renders a judgment favorable to

23           a claimant under this subchapter who was

24           represented before the court by an attorney, the

25           court may determine and allow as part of its

26           judgment a reasonable fee for such

27           representation, not in excess of 25 percent of

28           the total of the past-due benefits to which the

1    claimant is entitled by reason of such judgment.

2        In Gisbrecht v. Barnhart, 535 U.S. 789 (2002), the Court resolved

3    a split in the circuits regarding how to calculate attorneys' fees

4    under Section 406(b). In rejecting the "lodestar method," under which

5    the number of hours reasonably devoted to each case was multiplied by

6    a reasonable hourly fee,[2] the Court concluded that:

7            [Section] 406(b) does not displace contingent-fee

8            agreements as the primary means by which fees are

9            set for successfully representing Social Security

10           benefits claimants in court.  Rather, § 406(b)

11           calls for court review of such arrangements as an

12           independent check, to assure that they yield

13           reasonable results in particular cases.  Congress

14           has provided one boundary line: Agreements are

15           unenforceable to the extent that they provide for

16           fees exceeding 25 percent of the past-due

17           benefits. [Cite omitted].  Within the 25 percent

18           boundary, as petitioners in this case

19           acknowledge, the attorney for the successful

20           claimant must show that the fee sought is

21           reasonable for the services rendered.

22   Gisbrecht, 535 U.S. at 807.

23       Moreover, courts that approach fee determinations by looking

24   first to the contingent-fee agreement, then testing it for

25   reasonableness, have appropriately reduced the attorney's recovery

26   based on such factors as the character of the representation and the

27   results the representative achieved; whether the attorney was

28   _____

         [2] Gisbrecht, 535 U.S. at 797-98.

1   responsible for any delay of the progress of the case in court; and

2   whether the benefits are excessive in comparison to the amount of time

3   counsel spent on the case.  Gisbrecht, 535 U.S. at 808.

4        Here, under the terms of the contingency fee agreement to which

5   plaintiff agreed, plaintiff agreed that counsel could receive 25% of

6   the backpay awarded upon reversal of any unfavorable ALJ decision for

7   work before the Court.  (See Motion, Exh. 1).  Thus, the agreement

8   provides for a fee that falls within the acceptable range as specified

9   in Section 406(b).  By requesting $14,000.00, moreover, plaintiff's

10  counsel proposes to collect approximately 16 percent of the past due

11  benefits awarded to plaintiff.  Furthermore, there is no basis to

12  find, and none is alleged, that the contingency fee agreement itself

13  is invalid based on fraud or other reasons.  There is also no evidence

14  that plaintiff's counsel was responsible for any delay in the Court's

15  proceedings.

16       Although the contingency agreement should be given significant

17  weight in fixing a fee, a district judge must independently assess the

18  reasonableness of its terms.  McGuire v. Sullivan, 873 F.2d 974, 983

19  (7th Cir. 1989).  As an aid to assess the reasonableness of counsel's

20  fee pursuant to the terms of the contingency fee agreement, the Court

21  has reviewed the record summarizing the time plaintiff's counsel and

22  paralegal spent working on this case.  See Gisbrecht, 535 U.S. at 808-

23  09.  (See Motion, Exh. 4).

24       Based on the information provided by plaintiff, the average

25  hourly rate in 2000 that a partner in a small law firm (12 or less

26  attorneys) in California charged was $250.00.  The hourly rate for an

27  associate in a small law firm was $171.00, and the hourly rate for

28  paralegals was $86.00.  The upper 10% of hourly rates that were

charged in the year 2000 consisted of $336.00 for partners, $250.00 for associates, and $120.00 for paralegals.   When allowing for inflation since January of 2000, the hourly rates for the upper decile are $366.54 for partners, $272.72 for associates, and $130.91 for paralegals.[3]  Counsel for plaintiff contends that the Court should assess the reasonableness of the fee request based on these figures. Counsel also notes that the requested enhancement of 2.21 is necessary to compensate for the risk that contingency lawyers take.  Due to the dearth of attorneys willing to handle appeals, counsel for plaintiff also argues that its firm has been responsible for filing in excess of thirty percent of the complaints in Social Security cases in this district.   Furthermore, counsel for plaintiff argues that he has worked on this case for over two years on a pure contingency basis with a high risk of no payment.  Thus, in light of all these factors, plaintiff contends that the fees sought are reasonable and appropriate.

After an independent review of the case file to determine the reasonableness of the fee requested in light of the particular circumstances of this case, the Court has determined that a total gross fee of $14,000.00 for 21 hours of attorney time and 4.5 hours of

---

[3] In his Motion, plaintiff writes, "Allowing for inflation since January 2000, the average hourly rates are $272.72 for partners and proprietors, $186.54 for associates, and $93.82 for paralegals.  Allowing for inflation since January 2000, the average hourly rates are $366.54 for partners and proprietors, $272.72 for associates, and $130.91 for paralegals." (Motion at 7).  The Court assumed a drafting error on the part of plaintiff and interpreted the statement as a request to apply the later rates.  Such rates appear to comport more closely with the declaration of counsel for plaintiff, which states, "I adjust those rates for inflation to $360, $268, and $128, respectively." (Motion at 23).

paralegal time is reasonable.  While there is nothing to suggest that
there was a significant risk of loss in this particular case,
plaintiff's counsel appears to request an enhancement of only 2.21.[4]
The Court, moreover, does not take issue with the twenty-one hours
that counsel billed on behalf of plaintiff's appeal, as the time
billed appears to be reasonable and commensurate with the quality of
the work.  In light of the approximately $84,000.00 that plaintiff
received in back benefits, the Court finds that counsel does not
receive a windfall by receiving $14,000.00 in fees.  See Gisbrecht,
535 U.S. at 808; Hearn, 262 F. Supp. 2d at 1033.

Thus, based upon the factors discussed above, the Court concludes
that a total attorney fee award of $14,000.00 is reasonable.  This
amount applies a 2.21 multiplier to counsel's normal fee of $268.00
per hour and the paralegal's fee of $128.00.

### CONCLUSION

Based upon the foregoing, the Court concludes that the $14,000.00
in attorney's fees sought by plaintiff's counsel is reasonable.  The
Motion for Attorney Fees, therefore, is GRANTED and gross fees in the
sum of $14,000.00 are hereby awarded, of which $3,700.00 has already
been authorized and paid for by the Commissioner to plaintiff's
counsel.  Upon payment by the Commissioner of such amount to
plaintiff's counsel from the withheld past-due benefits, plaintiff's
counsel shall refund to plaintiff the lesser EAJA fee of $3,700.00

---

[4]  Using a multiplier of 2.21 to counsel's normal fee of
$268.00 per hour and the paralegal's fee of $128.00, counsel's
fees amount to $12,437.88 ($268.00 x 21 hours x 2.21) and the
paralegal's fees amount to $1,272.96 ($128 x 4.5 hours x 2.21),
for a total of $13,710.84.

1    that the Commissioner has already paid to plaintiff's counsel.

2    DATED: December 14, 2006

3

4                        _____/s/_____

                       JENNIFER T. LUM

                       UNITED STATES MAGISTRATE JUDGE

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28